UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRUCE LEWIS,

          Plaintiff,

   v.

CITY OF AUBURN, et al.,

          Defendants.

Case No. C17-1916-JLR-JPD

REPORT AND RECOMMENDATION

I.    INTRODUCTION

Plaintiff is a county prisoner in New York State who is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. The Court screened plaintiff's complaint and found it deficient. The Court advised plaintiff that he failed to state a claim upon which relief could be granted and granted him leave to amend within 30 days, notifying him that this action would be dismissed if he did not correct the deficiencies identified. Dkt. 8. More than 30 days have passed and plaintiff has not filed an amended complaint.

Accordingly, the Court recommends that plaintiff's complaint and this action be DISMSSED with prejudice and without leave to amend. In addition, this dismissal should count as a STRIKE under 28 U.S.C. § 1915(g) (prisoner may not proceed *in forma pauperis* if prisoner

REPORT AND RECOMMENDATION - 1

has, on three or more prior occasions while incarcerated, brought an action or appeal that was dismissed a frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury).

## II.    BACKGROUND

Plaintiff, who is currently incarcerated at the Westchester County Jail in Valhalla, New York, alleges that on or about December 3, 2016, he was unlawfully arrested and transported to the King County Jail in Seattle, where he was held for 24 hours before being released. Dkt. 5-1 at 1-2. Plaintiff alleges that he was never taken to court, the arresting officer(s) would not show him a warrant, he was denied medication while he was in jail, and the handcuffs were too tight. *Id.* at 2. Plaintiff alleges that he was told he was a fugitive from New York, but he was never in New York. *Id.* Plaintiff brings claims for assault, battery, trespass, kidnapping, false arrest, false imprisonment, Fourth and Fourteenth Amendment seizure, and denial of due process. *Id.* He seeks $1.464 million in damages. *Id.* at 3. The named defendants are the City of Auburn, the Auburn Police Department, the King County Department of Adult Detention, "Auburn Police Officers," "King County Correction Officers, Badge #'s unknown," "John and Jane DOES 1-10" in their official and individual capacities, and "ALL UNKNOWN ENTITIES, Jointly and Severally." *Id.* at 1.

## III.    DISCUSSION

A.    Legal standards

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual

REPORT AND RECOMMENDATION - 2

allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A plaintiff may not hold supervisory personnel liable under § 1983 for constitutional deprivations under a theory of supervisory liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

\\

\\

REPORT AND RECOMMENDATION - 3

B.   Deficiencies in plaintiff's complaint

The Court previously advised plaintiff of the following deficiencies in his complaint. *See* Dkt. 8.

Plaintiff fails to state a viable claim against the City of Auburn. A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id.* A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). Plaintiff's complaint fails to identify any policy or custom of the City of Auburn that caused his alleged injuries.

Plaintiff improperly names the Auburn Police Department and the King County Department of Adult Detention as defendants. "Under well-settled Washington law, city and county departments are not legal entities subject to suit." *Lee v. City of SeaTac Police Dept.*, No. C12-194RSL, 2013 WL 4039384, at *2 (W.D. Wash. Aug. 7, 2013) (citing *Nolan v. Snohomish Cnty.*, 59 Wash. App. 876, 883 (1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of being sued."), and *City of Seattle v. Dutton*, 147 Wash. 224, 226 (1928) (finding Seattle Parks Department "is not an entity separate and apart from the city" and therefore not subject to suit)); *see also Streit v. Cnty. of L.A.*, 236 F.3d 552, 565 (9th Cir. 2001) (state law controls the issue of whether a police department may be sued as a separate entity apart from a city); Fed. R. Civ. P. 17(b). As the Auburn Police Department is a department of the City of Auburn and the King County Department of Adult Detention is a department of King County, plaintiff cannot bring § 1983 claims against these defendants.

REPORT AND RECOMMENDATION - 4

Plaintiff cannot proceed against "Auburn Police Officers," "King County Correction Officers," and "ALL UNKNOWN ENTITIES." He must name individuals who caused or personally participated in causing the harm alleged in the complaint.

The use of "John Doe" to identify defendants is disfavored. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). While the Court would permit the use of John Doe defendants here until plaintiff has an opportunity through discovery to identify the unknown Auburn Police Officers and King County Correction Officers, plaintiff has not named *any* of the officers involved in the events alleged in this lawsuit. Therefore, there are at present no remaining named defendants who can be served with the complaint. This case may not proceed until plaintiff obtains the name of a viable defendant.

## IV.  CONCLUSION

In light of the above-identified deficiencies, the Court recommends that plaintiff's complaint and this action be DISMISSED with prejudice and without leave to amend. Because plaintiff fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), **the dismissal should count as a STRIKE under 28 U.S.C. § 1915(g)** (prisoner may not proceed *in forma pauperis* if prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal that was dismissed a frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **April 30, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.

REPORT AND RECOMMENDATION - 5

1  Responses to objections may be filed within **fourteen (14)** days after service of objections. If no
2  timely objections are filed, the matter will be ready for consideration by the District Judge on
3  **May 4, 2018.**
4        This Report and Recommendation is not an appealable order. Thus, a notice of appeal
5  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
6  assigned District Judge acts on this Report and Recommendation.
7        Dated this 9th day of April, 2018.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6